# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation, dba ORBIT IRRIGATION PRODUCTS (NINGBO) L.T.D., <br><br> Plaintiff, <br><br> v. <br><br> JANICE CAPENER, an individual, aka Janice Kuang, aka Janice White, aka Jie Kuang Capener, aka Janice J. Kuang, aka Janice K. Capener; DAN CAPENER, an individual, SUNHILLS INTERNATIONAL, LLC, a California limited liability company; RONG PENG, an individual; CHARLIE CRUMP, an individual; and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:13-cv-00055-DB <br><br> Judge Dee Benson |

This matter is before the court on plaintiff's motion to remand the case to state court (Dkt. No. 5, Pl.'s Mot. for Remand.) A hearing on this motion was held on July 10, 2013. At the hearing, the plaintiff was represented by Mark M. Bettilyon and Greg S. Ericksen. The defendants were represented by Michael G. Brady. After oral argument, the court took the matter under advisement. Having considered the relevant law and facts, the court issues the following memorandum decision and order.

## BACKGROUND

On July 12, 2010, plaintiff Orbit Irrigation Products, Inc. filed a complaint in the Second Judicial District Court for the State of Utah against defendants Janice Capener, Dan Capener, Sunhills International, LLC, Rong Peng, Charlie Crump, and Does 1-10 alleging state law claims of breach of employment contract and covenants, fraud, tortious interference with existing and

prospective economic relationships, theft of trade secrets, and civil conspiracy. (Pl.'s Mot. for Remand, Exh. A, Compl.) Plaintiff filed an amended complaint on February 12, 2013 replacing the fraud cause of action with one of defamation. (Dkt. No. 8, Mem. In Opp'n to Pl.'s Mot. for Remand, Exh. A, Compl.)

On April 1, 2013, defendants filed an answer and counterclaim to plaintiff's amended complaint in which they sought a declaratory judgment regarding the validity and enforceability of plaintiff's patents. (Pl.'s Mot. for Remand, Exh. E, Defs.' Answer to Am. Compl. and Countercl.) With the answer and counterclaim, defendants also filed a notice of removal. (Pl.'s Mot. for Remand, Exh. B, Notice of Removal.)

The instant motion, filed on April 22, 2013, seeks to remand the case to state court for lack of federal jurisdiction and for the defendants' failure to file their notice of removal within the time limit established by statute. Plaintiff also requests costs and attorney's fees associated with the instant motion arguing that defendants "had no objectively reasonable basis for removal." (Pl.'s Mot. for Remand at 15.)

## DISCUSSION

The plaintiff's position is that there are two independent grounds justifying remand of the present case to state court: First, the case is not one that would have originally qualified for federal jurisdiction. Second, defendants failed to file their notice of removal within the time frame established by statute.

Federal statute provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants, relying on language

contained in 28 U.S.C. § 1338(a)[1], argue that the case is worthy of federal jurisdiction because "some of Orbit's claims depend on the validity of certain patents, thus a declaratory judgment relating to those patents is necessary." (Mem. in Opp'n to Pl.'s Mot. For Remand at 9.)

In this case, a determination of whether the plaintiff's claims invoke federal jurisdiction necessitates application of the well-pleaded complaint rule. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1998)). This court, in applying the well-pleaded complaint rule to plaintiff's amended complaint, concludes that issues of patent validity and infringement are not essential elements of plaintiff's state law causes of action. Therefore, the present action is not one over which the district court has original jurisdiction. See also Vaden v. Discovery Bank, 556 U.S. 49, 70 (2009) (stating "federal jurisdiction cannot be invoked on the basis of a defense or counterclaim.") Accordingly, the present case should be remanded to state court.

Plaintiff also argues that the present case should be remanded because defendants filed their notice of removal in an untimely manner. Federal statute provides, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The statute further states that if a case, as indicated by the initial pleading, is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiff filed its original complaint on July 12, 2010 and their amended complaint on

---

[1] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

February 12, 2013. Defendants did not file their notice of removal until April 1, 2013, more than 30 days after the receipt of the amended complaint. Therefore, defendants did not file their notice of removal within the time frame mandated by federal statute.

Regarding plaintiff's request for costs and attorney's fees associated with their motion for remand, federal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court clarified that courts may award such fees and costs under Section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The court concludes that there was no objectively reasonable basis for removal in the present case. Therefore, the awarding of the plaintiff's costs and attorney's fees associated with the filing of the instant motion to remand is appropriate.

## CONCLUSION

For the foregoing reasons, the court concludes that the present case should be remanded to state court. Accordingly, plaintiff's motion for remand to state court is GRANTED. Additionally, plaintiff's request for attorney's fees and costs is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of August, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge