FILED
U.S. DISTRICT COURT

2013 NOV -7 P 3:44

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation, dba ORBIT IRRIGATIONS PRODUCTS (NINGBO) L.T.D., <br><br> Plaintiff, <br><br> vs. <br><br> JANICE CAPENER, an individual, aka Janice Kuang, aka Janice White aka Jie Kuang, aka Janice Kuang Capener, aka Janice J. Kuang, aka Janice Capener, aka KJ Peng, aka Megan Luo; DAN CAPENER, an individual; SUNHILLS INTERNATIONAL, LLC, a California limited liability company; RONG PENG, an individual; CHARLIE CRUMP, an individual; and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 1:13-CV-55 |

Pending before the Court is Plaintiff Orbit Irrigation Products, Inc.'s ("Orbit") Motion for an Award of Attorneys' Fees. (Dkt. No. 49). Also before the Court are Defendants Janice Capener, Dan Capener, Sunhills International, LLC, and Rong Peng's (collectively "Sunhills") Motion to Strike the Declaration Supporting Request for Attorneys' Fees and Motion to Strike the Supplemental Declarations Supporting Request for Attorneys' Fees. (Dkt. Nos. 55, 62).

1

On October 31, 2013, the Court heard oral argument on these matters. The Plaintiff was represented by Mark Bettilyon and Greg Ericksen. Sunhills was represented by Michael Brady. After review and consideration of the memoranda submitted by the parties and the oral arguments of counsel, the Court enters the following Memorandum Decision and Order.

## BACKGROUND

On Aug. 5, 2013, this Court awarded Orbit attorneys' fees incurred in opposition to Defendants' improper removal of this action to federal court. (Dkt. No. 47). On August 19, 2013, Orbit filed their motion for attorneys' fees, requesting a total of $36,549.50. (Dkt. No. 49). As required by law, Orbit submitted a Declaration Supporting Request for Attorneys' Fees with their motion. (Dkt. No. 50). Appended to that declaration was a summary of the hours and legal fees billed by Orbit's counsel for Orbit's Motion to Remand. *See* Pl.'s Decl. Supp. Req. for Attys' Fees Exs. A, B.

On August 28, 2013, Sunhills made two separate filings: (1) an Opposition to [Orbit]'s Motion for an Award of Attorneys' Fees, and (2) a Motion to Strike the Declaration Supporting Request for Attorneys' Fees. (Dkt. Nos. 55, 56). The motion to strike alleged that the declaration submitted by Orbit in support of their motion for attorneys' fees was deficient.

On September 13, 2013, Orbit filed their Reply Memorandum in Support of Motion for Award of Attorneys' Fees. Attached to this reply were two Supplemental Declarations, both of which remedied the deficiencies in the prior declaration.

On September 24, 2013, Sunhills filed another motion to strike, this time in regard to Orbit's supplemental declarations, arguing that the supplemental declarations were untimely.

## DISCUSSION

### A. Sunhills' Motion to Strike Declaration Supporting Request for Attorneys' Fees

According to the local rules of this Court, a motion for attorneys' fees must "be accompanied by an affidavit of counsel setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and any other pertinent supporting information that justifies the award." DUCivR 54-2(f)(iii).

There are two ways a party can satisfy this affidavit requirement. First, their affidavit may be taken before any judge, the clerk of any court, any justice court judge, or any notary public of this state. *See* Utah Code. Ann. §78B-5-701. Second, they can submit an unsworn declaration that will carry the effect of an affidavit, if subscribed to as true "under the penalty of perjury." *See* 28 U.S.C. § 1746(2).

Orbit's initial declaration didn't fulfill either of these requirements. *See* Decl. of Mark Bettilyon Supp. Req. for Att'y Fees at 1. The declaration submitted by Orbit begins "being first duly sworn upon oath," however there is no jurat executed by any person authorized under Utah Code Ann. §78B-5-701. *See* Decl. of Mark Bettilyon Supp. Req. for Att'ys Fees at 2. Additionally, the declaration does not state that it was made under the "penalty of perjury" as required under 28 U.S.C. §1746.

Accordingly, Sunhills' Motion to Strike Declaration Supporting Request for Attorneys' Fees is GRANTED.

### B. Sunhills' Motion to Strike Supplemental Declaration Supporting Request for Attorneys' Fees

Sunhills also seeks to strike Orbit's supplemental declarations, arguing that (1) the reply brief to which the supplemental declarations were attached was not filed within the required deadline for a response and (2) the supplemental declarations themselves were filed beyond the deadline for filing a motion for attorneys' fees. Each of these arguments will be addressed in turn.

#### 1. Timeliness of Orbit's Reply

Under the local rules of this Court, parties have 14 days to file an opposing or reply memorandum. *See* DUCivR 7-1(b)94)(B). However, the Federal Rules of Civil Procedure extends this deadline by three days for some filings. *See* Fed. R. Civ. P. 6(d). As relevant to this case, Rule 6(d) allows three additional days after service of electronic means pursuant to Rule 5(b). *Id.*

Sunhills' opposition to Orbit's motion for attorneys' fees was filed on August 28, 2013. Orbit filed its reply on September 13, 2013, 16 days after Sunhills' response. Therefore, when including the additional time Rule 6(d) allows for filing, Orbit's reply was timely.

#### 2. Timeliness of Orbit's Supplemental Declarations

District of Utah Civil Rule 54-2(f) reads in relevant part:

Unless otherwise provided by statute or extended by the court under Fed. R. Civ. P. 6(b), a motion for attorneys' fees authorized by law must be filed and served within fourteen (14) days after (i) entry of a judgment . . . . The motion must . . . be accompanied by an affidavit of counsel setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and any other pertinent supporting information that justifies the award.

DUCivR 54-2(f).

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, when an act must be done within a specified time, the court may extend the time (1) with or without motion if the court acts before the time expires, or (2) on motion after the time has expired if the party failed to act because of excusable neglect. *See* Fed. R. Civ. P. 6(b).

In this case, Orbit was awarded attorneys' fees on August 5, 2013. Therefore, absent an extension, Orbit had until August 19, 2013, to file their motion for attorneys' fees, which is when they in fact did file. However, as the foregoing has made clear, the declaration Orbit submitted with their initial motion did not satisfy the requirements of DUCivR 54-2(f). Additionally, at no point has Orbit moved for an extension of time based on excusable neglect.

However, the Court views Orbit's timely reply brief (with supplemental declarations attached) as relating back to the initial motion that was timely filed on August 19. Therefore, Orbit's supplemental declarations are considered as though they had been filed with Orbit's initial Motion for Award of Attorneys' Fees. Accordingly, Sunhills' Motion to Strike Supplemental Declarations Supporting Request for Attorneys' Fees is DENIED.

### C.     Orbit's Motion for Award of Attorneys' Fees

Because the Court finds that Orbit's motion meets the requirements under District of Utah Civil Rule 54-2(f), it next addresses the amount of attorneys' fees that will be awarded.

Orbit seeks $36,549.50 in attorneys' fees. Sunhills finds reasonable $19,246.00 of that

amount. Defs.' Opp'n to Pl.'s Mot. for an Award of Attys' Fees at 15. With regard to the other $17,303.50, Sunhills makes three objections.

First, Sunhills disputes $11,541.25 as redundant. *Id.* at 13-15. Second, Sunhills disputes fees in the amount of $3,387.00, as either not related to the removal/remand or relating to un-awardable clerical work (specifically $1,613.50 as unrelated to Removal/Remand and $1,773.75 as clerical). *Id.* at 15. For the remaining $2,375.00, Sunhills disputes the fees assigned to work done by individuals identified in the summary of hours and legal fees as "KH," DE" and "SS." *Id.* at 12. Sunhills argues that fees associated with these individuals are not acceptable until Orbit confirms that these individuals are paralegals performing recognized paralegal work (as opposed to clerical services).

Despite the opportunity to respond to these objections in their reply brief, Orbit failed to do so. Consequently, the Court finds unreasonable the fees objected to as unrelated to the removal/remand ($1,613.50) and the fees associated with unidentified persons ($2,375.00). Additionally, the Court finds redundant those fees charged by Greg Ericksen regarding preparation for and attendance at a hearing before this Court on July 10, 2013 ($1,031.25), based on the fact that Mr. Ericksen did not argue or participate in the hearing. Therefore, Orbit's Motion for Award of Attorneys' Fees is GRANTED in the amount of $31,529.75.

## CONCLUSION

For the reasons stated above, Sunhills' Motion to Strike Declaration Supporting Request for Attorneys' Fees is GRANTED, Sunhills Motion to Strike Supplemental Declarations

Supporting Request for Attorneys' Fees is DENIED, and Orbit's Motion for Award of Attorneys' Fees is GRANTED in the amount of $31,529.75.

IT IS SO ORDERED.

DATED this 7th day of November, 2013.

_____
Dee Benson
United States District Judge